# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **KEITH MCCALL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**TROON GOLF, LLC**, a Delaware limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:23-cv-371<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KEITH MCCALL** ("MCCALL" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Right Act (FCRA) for (1) racial discrimination in violation of Title VII, (2) racial discrimination in violation of the FCRA, (3) retaliation in violation of Title VII, and (4) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, **KEITH MCCALL** ("**MCCALL**") is an individual and a resident of Florida who at all material times was employed by the Defendant in Collier County, Florida.

1

3. Defendant, **TROON GOLF, LLC** ("Defendant") is a Delaware limited liability company with a principal place of business located in the State of Arizona, but which employed **MCCALL** in Collier County, Florida.

4. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **MCCALL**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Collier County is within the Fort Myers Division.

8. **MCCALL** timely filed his Charge of Discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission (EEOC), and this action is timely filed as he received his Notice of Right to Sue from the EEOC on March 2, 2023. (*See* Exhibit 1 – EEOC Notice of Right to Sue).

## GENERAL ALLEGATIONS

9. **MCCALL** was employed by the Defendant as an assistant tennis professional and began his employment on October 1, 2021.

10. **MCCALL** always performed his assigned duties in a professional manner and was very well qualified for his position.

11. **MCCALL** is an African-American.

12. In December 2021, **MCCALL** was in a conversation with his supervisor wherein the supervisor began repeatedly using the word "nigger."

13. **MCCALL** immediately objected and demanded that the supervisor not use that term.

14. Howe

15. ver, the supervisor referred to **MCCALL** using such a term at least 6-times thereafter.

16. **MCCALL** then reported the same to upper management, and was informed there would be an investigation.

17. **MCCALL**'s supervisor learned of **MCCALL**'s complaint to upper management and worsened his racially-based harassment by making comments such as "hands up, don't shoot" when **MCCALL** would walk by, a derogatory reference to the Black Lives Matter movement.

18. **MCCALL** again objected to upper management and a meeting was held but **MCCALL**'s complaints were not addressed.

19. Thereafter, another manager (who is believed to be Hispanic) tried to lecture **MCCALL** and explain how the n-word "really isn't that bad."

20. **MCCALL** continued to follow up on his several complaints to upper management, including in July and August 2022.

21. The Defendant terminated **MCCALL**'s employment on September 20, 2022, just a few weeks after he informed upper management that he would be pressing forward with his complaints of racial harassment.

22. Prior to being subjected to race discrimination, **MCCALL** was not the subject of any write-ups or discipline.

23. At all material times, the Defendant was aware of **MCCALL**'s race and objections to racial harassment/discrimination, which are the bases for its discriminatory and retaliatory employment practices toward him.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RACIAL DISCRIMINATION

24. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

25. **MCCALL** is an African-American male and as such, is a member of a protected class.

26. At all material times, **MCCALL** was an employee and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

27. **MCCALL** was, and is, qualified for the positions that he held with the Defendant.

28. **MCCALL** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of his employment.

29. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **MCCALL**'s race in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

30. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **MCCALL** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

31. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MCCALL** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

32. As a direct and proximate result of the Defendant's actions, **MCCALL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

33. **MCCALL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, RACIAL DISCRIMINATION

34. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

35. **MCCALL** is an African-American male and as such, is a member of a protected class.

36. At all material times, **MCCALL** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

37. **MCCALL** was, and is, qualified for the positions that he held with the Defendant.

38. **MCCALL** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of his employment.

39. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **MCCALL**'s race in violation of the FCRA.

40. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **MCCALL** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

41. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MCCALL** is entitled to all relief necessary to make him whole as provided for under the FCRA.

42. As a direct and proximate result of **NAA**'s actions, **MCCALL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

43. **MCCALL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

- ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;
- iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;
- iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;
- v. Reasonable attorney's fees plus costs;
- vi. Punitive damages;
- vii. Compensatory damages, and;
- viii. Such other relief as this Court shall deem appropriate.

# COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

44. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

45. By virtue of his race, **MCCALL** is a member of a protected class.

46. At all material times, **MCCALL** was an employee and the Defendant was his employer covered by and within the meaning of Title VII.

47. **MCCALL** was qualified for the positions that he held with the Defendant.

48. **MCCALL** objected to racial harassment/discrimination, and the Defendant clearly observed his growing discomfort concerning the same.

49. **MCCALL**'s acts constitute a protected activity because he objected to racial harassment/discrimination.

50. Said protected activity was the proximate cause of the Defendant's negative employment actions against **MCCALL**.

51. Instead of preventing said treatment, the Defendant retaliated against **MCCALL**.

52. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Title VII.

53. As a direct and proximate result of the violations of Title VII, as referenced and cited herein, **MCCALL** has lost all of the benefits and privileges of

his employment and has been substantially and significantly injured in his career path.

54. As a direct and proximate result of the violations of Title VII, and as a direct and proximate result of the prohibited acts perpetrated against him, **MCCALL** is entitled to all relief necessary to make him whole as provided for under Title VII.

55. As a direct and proximate result of the Defendant's actions, **MCCALL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

56. **MCCALL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## **COUNT IV – VIOLATION OF TITLE VII OF THE FLORIDA CIVIL RIGHTS ACT - RETALIATION**

57. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

58. By virtue of his race, **MCCALL** is a member of a protected class.

59. At all material times, **MCCALL** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

60. **MCCALL** was qualified for the positions that he held with the Defendant.

61. **MCCALL** objected to racial harassment/discrimination, and the Defendant clearly observed his growing discomfort concerning the same.

62. **MCCALL**'s acts constitute a protected activity because he objected to racial harassment/discrimination.

63. Said protected activity was the proximate cause of the Defendant's negative employment actions against **MCCALL**.

64. Instead of preventing said treatment, the Defendant retaliated against **MCCALL**.

65. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

66. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MCCALL** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

67. As a direct and proximate result of the violations of the FCRA, and as a direct and proximate result of the prohibited acts perpetrated against him, **MCCALL** is entitled to all relief necessary to make him whole as provided for under the FCRA.

68. As a direct and proximate result of the Defendant's actions, **MCCALL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

69. **MCCALL** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 25, 2023            **/s/ Benjamin H. Yormak**
                                Benjamin H. Yormak
                                Florida Bar Number 71272
                                Lead Counsel for Plaintiff
                                YORMAK EMPLOYMENT & DISABILITY LAW
                                27200 Riverview Center Blvd., Suite 109
                                Bonita Springs, Florida 34134
                                Telephone: (239) 985-9691
                                Fax: (239) 288-2534
                                Email: byormak@yormaklaw.com